# B.

*(1)*

18 U.S. Code § 1201 - Kidnapping

(a)Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when—

(1)the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense;

(2)any such act against the person is done within the special maritime and territorial jurisdiction of the United States;

(b)With respect to subsection (a)(1), above, the failure to release the victim within twenty-four hours after he shall have been unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away shall create a rebuttable presumption that such person has been transported in interstate or foreign commerce.

*(2)*

18 U.S. Code § 241 - Conspiracy against rights

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same

*(3)*

18 U.S. Code § 242 - Deprivation of rights under color of law

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the **deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States**, or to different punishments, pains, or penalties, on account of such person being an alien, **or by reason of his color, or race,** than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined

Exhibit 1 B

under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts *include kidnapping or an attempt to kidnap*, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

*(4)*

18 U.S. Code § 1001 - Statements or entries generally

(a)Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—

(1)falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

(2)makes any materially false, fictitious, or fraudulent statement or representation; or

(3)makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

*(5)*

18 U.S. Code Chapter 41 - EXTORTION AND THREATS

18 U.S. Code § 872 - Extortion by officers or employees of the United States

Whoever, being an officer, or employee of the United States or any department or agency thereof, or representing himself to be or assuming to act as such, under color or pretense of office or employment commits or attempts an act of extortion.

*(6)*

U.S. Constitution Amendment IV

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

*(7)*

U.S. Constitution Amendment V

**No person shall be held to answer for a capital, or otherwise infamous crime**, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be

subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, **nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.**

*(8)*

U.S. Constitution Amendment VIII

Excessive bail shall not be required, nor excessive fines imposed, **nor cruel and unusual punishments inflicted.**

*(9)*

U.S. Constitution Amendment XIII Section 1.

Neither slavery **nor involuntary servitude**, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

*(10)*

U.S. Constitution Amendment XIV

Section 1.

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. **No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.**

# C.

**(1)**
On 05/25/21 Plaintiff Shakira Carr gave birth to a Son (I ABLE AM) at UMC Hospital. Due to Plaintiff's Son being born prematurly approximately four weeks Plaintiff's Son was admitted to NICU.

On 05/25/21 the Department of Family Services made contact with plaintiff Shakira Carr, after a brief discusion with unknownDFS worker, Shakira was advised that was all.

On 06/04/21 Defendant, Meryah Fincher made contact with Plaintiff Shakira Carr via phone, at UMC Hospital over NICU visiting center phone.

Defendant (Meryah Fincher) advised Plaintiff Shakira Carr of the alligations that had been reported and Defendant Meryah Fincher need to make contact with Plaintiff's Shakira Carr and Clarence Carr. Plaintiff Shakira Carr explained something could be figured out and Plaintiff Shakira Carr would call after NICU visit with Son.

Plaintiff Shakira Carr made several calls to the number provided, without a answer or return call.
On 06/05/21 Plaintiff Clarence Carr went to UMC Hospital to visit Son and was denied visitation and asked to leave on the bases of the Defendant's actions and denied all information about Son.

Plaintiff Shakira Carr attempted to visit Son after learning of Plaintiff Clarence Carr being denied to see Son. Plaintiff Shaikira Carr was advised both Plaintiff's had been removed from visting Son.

After numerious calls to Defendant, Meryah Fincher called Plaintiff's back and advised Plaintiff's the Department of Family Services had taken custody of Son I ABLE AM.

During call Defendant Meryah Fincher told plaintiff's residencey was a requirement to obtain custody of Son. Plaintiff Shakira Carr advised Defendant Meryah Fincher both Plaintiff's are residence of Oregon. Defendant Meryah Fincher told plaintiff residence was mandatory and to notify Defendant Meryah Fincher when residency was established and the show of being able to provide for Son.

On 06/06/21 Plaintiff's established residency and texted Defendant Meryah Fincher the address.
On 06/07/21 Plaintiff's meet with Defendant Meryah Fincher and two other unknown Department of Family Services worker for residency inspection and to talk about allegationns and custody of Son.

Plaintiff's asked Defendant's about Son and placing Son with Family since Plaintiff's had family in Las Vegas as well as family in Las Vegas from Oregon.

Defendant's notified Plaintiff's the only way to open talks of visiting Son was if both Plaintiff's submitted to urine and hair testing.

On 06/09/21 a court hearing was held at Clark County Family Courts with Judge Gibson case# J-21-353048-PC.

During hearing Judge Gibson notified the Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services of several errors made by Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services.

**Judge Gibson notified defendant's of the following errors:**

1. The Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services never attempted to make personal contact with Plaintiff's at all.

1 OF 2

EXHIBIT 2 C

Both Plaintiff's was at UMC Hospital daily, multiple times in the day to see Son in the NICU. Giving the Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services more then time and oppertunity to make contact before illegally taking of Plaintiff's Son.

2. The Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services never seeked a warrant, when defendants had adequate time to follow the proper procedures to bypass protocol Defendant's issued a Police Hold which required a warrant as well which Defendant's did not obtain.

3. The Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services did not follow basic proceedures to sieze Son from Hospital or remove Plaintiff's right's. Judge Gibson asked Defendant's personally " how did you get the Plaintiff's Son out the Hospital?" Then notiofied Defendant's they had no right and actions taking where wrong.

4. The Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services was told the results from the urine and hair test was invalid and nor was the Test results to be read because the Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services had no right to oder them upon the Plaintiff's.

5. Judge Gibson notified the Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services thier actions was motivated by personal reasons for the Plaintiff's did nothing illegal, to alert intervention or seizure of Son.

6. The Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services did not follow protocol set forth by law and the Department of Family Services.
Defendant's failed to investigate before taking action.
Failed to attempt to place Son with Family.
Failed to obtain warrant and paper work required to intervine with Parental Rights.

# D.

**(1)**

Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services, used thier authority, power and position to illeagaly sieze and kidnap Plaintiff's, Shakira Carr and Clarence Carr, Son "I Able Am" from UMC Hospital without a warrant. The defendant's acted with deliberate indifference to Plaintiff's Due Process Rights which are protected by State and Federal laws and the United State Constitution. The Defendant's acted with deliberate indifference to the policy's and procedures set forth by Department of Family Services on 06/04/21.

**(2)**

Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services acted with deliberate indifferance an terminated the Parental Rights of Plaintiff's on 06/04/21 without notice to Plaintiff's or follow standard procedures set forth by the Department of Family Serviceses.

Custody was given to Shawn Genovese under the assumption of adoption on 06/05/21 till 06/09/21 as well as Medical Choices and Treatment of Plaintiffs Son.

Defendants acted with deliberate indifference of the policy and proceedures set forth by Department of Family Services and Child Protective Services, to make contact with Plaintiffs the Parents, prior to removal of Rights to verify alligations alleged and family placement.

**(3)**

Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services acted with deliberate indifference to Plaintiff's Visiting Rights to Son at UMC Hospital NICU, on 06/05/21 by blocking Plaintiff's froming visiting son in NICU.

**(4)**

Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services acted with deliberate indifference to Plaintiff's rights and demanded Urine and Hair testing from Plaintiff's under the authority of the State.

Testing was done under threats, intimidation and coercion of defendants.

Defendants lied and stated the test was the only way the Plaintiff's could get thier Son back, and the Plaintiffs would loose all Rights unless Plaintiff's submitted to tests.

Defendants used Plaintiff's Son as leverage for testing, stating if Plaintiffs cooperated Plaintiff''s

Exhibit 3D

could see thier Son. If Plaintiff's did not co-operate the Defendants would not allow vistation. The above Defendant's lied. Plaintiff's Son was placed with a adopting Parent Shawn Genovese, who believed Plaintiff's Son whould remain hers (Shawn Genovese), which did not allow Natural Mother and Father to visit.

(5)

Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services acted with deliberate indifference to Plaintiff's rights an demanded Plaintiffs, establish residency in Las Vegas Nevada even though Defendants knew Plaintiff's residence was in Oregon.

Defendant's told Plaintiff's residency was a requirement to return custody of Son.

Under Threats, intimidation and the corecion of loosing thier Son Plaintiff's established a place to reside in Las Vegas Nevada.

(6)

Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services acted with deliberate indifference to Plaintiff's by submitting false reports and omissions in reports to obtain a immediate danger and bypass protocol of Department of Family Services and Child Protective Services investigation proceedures and failed to obtain a warrant through proper channels to sieze Plaintiff's Son and Plaintiffs Rights.

# V.

Plintiff's Shakira Carr and Clarence Carr claim the following relief;

1. Plaintiff's seek 20,000 dollars per day son "I ABLE AM" was illegally seized and kidnapped by Defendant's.

Plaintiff's are asking in total 120,000 dollars for six days son was missing.

Defendant's was notified by Judge David S. Gibson they had illegally obatained son from Defendant's and failed to following proper proceedures.

2. Punitive damages per Defendant in the amount of 250,000 dollars.

Plaintiffs are asking for punitive damages and malacious injuries to correct and stop the abuse of power. Defendant's acted on State Power and Authority and failed to follow the law and policy set forth by Nevada and Department of family services. Defendant's blatantly disregarded Plaintiff's legal right's and made a personal judgement in falsyfing document's and finding loop holes in the sysytem to illegally take Plaintiff's son based on thier own bias towards Plaintiff's over Plaintiff's Age, Sex and Nationality.

3. Plaintiff's seek relief for Irreparable; Civil; Legal; and Direct injuries in the amount of 250,000 dollars.

Plaintiff's had to relocate family to Las Vegas from Oregon on Defendants demand.

Plaintiff Shakira Carr Loss the ability to breast feed son I ABLE AM and Spiritually connect with son.

Plaintiff's was subjected to urine and hair testing againts will.

Defendant's Illegally sized Plaintiff's son and cut off visiting.

4. Plaintiff's seek 250,000 dollars in relief for private and personal injuries.

Plaintiff's seek the above amount due to the mental and emotional damage done to family by defendant's.

Defendant's violated all of Plaintiff's constitutional and state rights.

Defendant's failed to follow Department of family Services Policy.

Exhibit 4 V.