IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

SHAKIRA CARR and
CLARENCE CARR,

        Plaintiff,

v.

MERYAH FINCHER,
DANIELLE CASTELEIRO, and
LAS VEGAS DEPARTMENT OF FAMILY SERVICES,

        Defendants.

Case No. 1:23-cv-00832-CL

**OPINION AND ORDER**

CLARKE, Magistrate Judge.

Plaintiffs Shakira Carr and Clarence Carr, self-represented litigants, seek to proceed *in forma pauperis* ("IFP") in this action against Defendants Meryah Fincher, Danielle Casteleiro, and Las Vegas Department of Family Services. For the reasons stated below, Plaintiffs' complaint (#1) is DISMISSED without prejudice and with leave to file an amended complaint within thirty (30) days of this Order. Plaintiffs' IFP application (#2) is held in abeyance and will be reconsidered upon the filing of an amended complaint.

## DISCUSSION

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. §

Page 1 – OPINION AND ORDER

1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Here, the Court's dismissal arises in the second prong. The Court has determined the litigants financially eligible to proceed IFP. However, the Court appears to lack personal jurisdiction and venue over the matter. Accordingly, for these two reasons the complaint fails to state a claim upon which relief may be granted and is dismissed.

Primarily, the Court does not appear to have personal jurisdiction over Defendants. Personal jurisdiction is governed by Fed. R. Civ. P. 12(b)(2), and a district court's determination whether to exercise personal jurisdiction is a question of law. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir.2002). Personal jurisdiction must comport with state and federal requirements. Because Oregon's long-arm statute extends personal jurisdiction to the extent permitted by federal due process, the two requirements collapse into a single federal due process inquiry. *See* Or. R. Civ. Pro. 4; *Indoor Billboard Northwest Inc. v. M2 Systems Corp.*, 922 F. Supp. 2d 1154, 1163—64 (D. Or. 2013). Federal due process requires that a nonresident defendant have "certain minimum contacts" with the forum state of such a nature that the exercise of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). This

constitutional test may be satisfied by showing that (1) the defendant has "substantial" or "continuous and systematic" contacts with the forum state—i.e. "general jurisdiction," or (2) there is a strong relationship between the defendant's forum contacts and the cause of action—i.e. "specific jurisdiction." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986). *See also Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir.1995).

Here, Defendants lack either general or specific jurisdiction. It appears Las Vegas Department of Family Services and its employees, Meryah Fincher and Danielle Casteleiro, are residents of Nevada. Moreover, the complaint's allegations contain only people and events occurring within Nevada. There is nothing to indicate that any Defendant has made contact with the state of Oregon, much less continuous or systematic contacts. Given the lack of any relationship between Defendants and Oregon, the requisite contacts have not occurred such that personal jurisdiction would be satisfied.

Moreover, the District of Oregon is not the proper venue for this action. Under 28 U.S.C. § 1391, a civil action may be brought in a judicial district in which defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. As stated, it appears all Defendants reside in Las Vegas, Nevada. More importantly, none of the events mentioned in Plaintiffs' complaint occurred in Oregon.

## ORDER

For the reasons above, it is unlikely that the deficiencies of Plaintiffs' Complaint can be cured by amendment. In an abundance of caution, the Court will dismiss without prejudice, and with leave to file an Amended Complaint within thirty (30) days. If Plaintiffs choose to file an Amended Complaint, they should heed the information above by clarifying and explicitly stating plausible claims with sufficient contacts to Oregon such that jurisdiction may be established. If

Plaintiffs fail to file an Amended Complaint, or fail to cure the deficiencies identified above, the case will be dismissed with prejudice. Plaintiffs' IFP application will be held in abeyance and reconsidered along with the Amended Complaint, if any.

DATED this 8 day of September, 2023.

MARK D. CLARKE
United States Magistrate Judge

Page 4 – OPINION AND ORDER