C.

(1) On 05/25/21 Plaintiff Shakira Carr gave birth to a Son (I ABLE AM) at UMC Hospital. Due to Plaintiff's Son being born prematurely approximately four weeks Plaintiff's Son was admitted to NICU.
On 05/25/21 the Department of Family Services made contact with plaintiff Shakira Carr, after a brief discussion with unknown DFS worker, Shakira was advised that was all.

(2) On or about 05/25/21 and between 06/04/21 Defendant's Meryah Fincher, Danielle Casteleiro and Las Vegas Family Services placed a call to Defendant, Medford Oregon (DHS) Child Division.
Medford Oregon (DHS) Child Division gave false information which was the cause of Defendants, Meryah Fincher, Danielle Casteleiro and Las Vegas Family Services, violating the law and Plaintiffs rights.
Defendant Medford Oregon (DHS) Child Division stated to Defendants, Meryah Fincher, Danielle Casteleiro and Las Vegas Family Services, Plaintiff Shakira Carr was being sex traffic and there was a open Oregon DHS Case in Oregon by Defendant Medford Oregon (DHS) Child Division.
Defendant Medford Oregon (DHS) Child Division lead Defendants, Meryah Fincher, Danielle Casteleiro and Las Vegas Family Services to believe Plaintiffs was fleeing Oregon and Plaintiff Clarence Carr was sleeping with a under age women which is Plaintiff Shakira Carr.
Defendant Medford Oregon (DHS) Child Division neglected to tell Defendants Meryah Fincher, Danielle Casteleiro and Las Vegas Family Services Plaintiffs are Married. The Marriage took place in Oregon where Plaintiffs Reside and no case was open at that time stated to Defendants Meryah Fincher, Danielle Casteleiro and Las Vegas Family Services.

(3) On 06/04/21 Defendant, Meryah Fincher made contact with Plaintiff Shakira Carr via phone, at UMC Hospital over NICU visiting center phone.
Defendant (Meryah Fincher) advised Plaintiff Shakira Carr of the allegations that had been reported and Defendant Meryah Fincher need to make contact with Plaintiff's Shakira Carr and Clarence Carr. Plaintiff Shakira Carr explained something could be figured out and Plaintiff Shakira Carr would call after NICU visit with Son.
Plaintiff Shakira Carr made several calls to the number provided, without a answer or return call.
On 06/05/21 Plaintiff Clarence Carr went to UMC Hospital to visit Son and was denied visitation and asked to leave on the bases of the Defendant's actions and denied all information about Son.
Plaintiff Shakira Carr attempted to visit Son after learning of Plaintiff Clarence Carr being denied to see Son. Plaintiff Shakira Carr was advised both Plaintiff's had been removed from visiting Son.
After numerous calls to Defendant, Meryah Fincher called Plaintiff's back and advised Plaintiff's the Department of Family Services had taken custody of Son I ABLE AM.
During call Defendant Meryah Fincher told plaintiff's residence was a requirement to obtain custody of Son. Plaintiff Shakira Carr advised Defendant Meryah Fincher both Plaintiff's are Oregon Residence. Defendant Meryah Fincher told Plaintiff residence was mandatory and to notify Defendant Meryah Fincher when residency was established and the show of being able to provide for Son.

(4) On 06/06/21 Plaintiff's established residency and texted Defendant Meryah Fincher the address.

(5) On 06/07/21 Plaintiff's meet with Defendant Meryah Fincher and two other unknown Department of Family Services worker for residency inspection and to talk about allegations and custody of Son.
Plaintiff's asked Defendant's about Son and placing Son with Family since Plaintiff's had family in Las Vegas as well as family in Las Vegas from Oregon.
Defendant's notified Plaintiff's the only way to open talks of visiting Son was if both Plaintiff's submitted to urine and hair testing.

(6) On 06/09/21 a court hearing was held at Clark County Family Courts with Judge Gibson case# J-21-353048-PC. During hearing Judge Gibson notified the Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services of several errors made by Defendants.

Judge Gibson notified Defendant's of the following errors:

(1) The Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services never attempted to make personal contact with Plaintiff's at all. Both Plaintiff's was at UMC Hospital daily, multiple times in the day to see Son in the NICU.
Giving the Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services more then time and opportunity to make contact before illegally taking of Plaintiff's Son.

(2) The Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services should have never got involved with Defendant Medford Oregon (DHS) Child Division matter due to fact Plaintiffs violated no laws nor was there a open case in Oregon. Judge Gibson further stated Defendant Medford Oregon (DHS) Child Division has a personal grudge against Plaintiffs and Ordered Defendants Meryah Fincher, Danielle Casteleiro and The Department of Family Services to stay away from Plaintiffs and Children.
Judge Gibson stated to Plaintiffs they should not return to Oregon cause Defendant Medford Oregon (DHS) Child Division has it out for Plaintiffs.

(3) The Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services never sought a warrant, when defendants had adequate time to follow the proper procedures to bypass protocol Defendant's issued a Police Hold which required a warrant as well which Defendant's did not obtain.
The Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services did not follow basic procedures to size Son from Hospital or remove Plaintiff's right's.

(4) Judge Gibson asked Defendant's personally " how did you get the Plaintiff's Son out the Hospital?" Then notified Defendant's they had no right and actions taking where wrong.

(5) The Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services was told the results from the urine and hair test was invalid and nor was the Test results to be read because the Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services had no right to oder them upon the Plaintiffs.

(6) Judge Gibson notified the Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services their actions was motivated by personal reasons for the Plaintiff's did nothing illegal, to alert intervention or seizure of Son.

(7) The Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services did not follow protocol set forth by law and the Department of Family Services.

(8) Defendant's failed to investigate before taking action, Defendants Failed to attempt to place Son with Family and. Failed to obtain warrant and paper work required to intervene with Parental Rights.

D.

(1) Defendants; Medford Oregon (DHS) Child Division, Meryah Fincher, Danielle Casteleiro and The Department of Family Services, used their authority, power and position to illegally seize and kidnap Plaintiffs, Shakira Carr and Clarence Carr, Son "I Able Am" from UMC Hospital without a warrant. The defendant's acted with deliberate indifference to Plaintiff's Due Process Rights which are protected by State and Federal laws and the United State Constitution. The Defendant's acted with deliberate indifference to the policy's and procedures set forth by Department of Family Services.

(2) On 06/04/21Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services acted with deliberate indifference by terminating the Parental Rights of Plaintiffs on 06/04/21 without notice to Plaintiffs or follow standard procedures set forth by the Department of Family Services.
Custody was given to Shawn Genovese under the assumption of adoption on 06/05/21 till
06/09/21 as Well as Medical Choices and Treatment of Plaintiffs Son.
Defendants acted with deliberate indifference of the policy and procedures set forth by Department of Family Services and Child Protective Services, to make contact with Plaintiffs the Parents, prior to removal of Rights to verify allegations alleged and family placement.

(3) Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services acted with deliberate indifference to Plaintiff's Visiting Rights to Son at UM Hospital NICU, on 06/05/21 by blocking Plaintiffs from visiting son in NICU.

(4) Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services acted with deliberate indifference to Plaintiff's rights and demanded Urine and Hair testing from Plaintiff's under the authority of the State. Testing was done under threats, intimidation and coercion of defendants.
Defendants lied and stated the test was the only way the Plaintiffs could get their Son back, and the Plaintiffs would loose all Rights unless Plaintiff's submitted to tests.
Defendants used Plaintiff's Son as leverage for testing, stating if Plaintiffs cooperated with Plaintiff's could see their Son. If Plaintiff's did not co-operate the Defendants would not allow visitation.
The above Defendant's lied. Plaintiff's Son was placed with a adopting Parent Shawn Genovese, who believed Plaintiff's Son would remain hers (Shawn Genovese), which did not allow Natural Mother and Father to visit.

(5) Defendants; Meryah Fincher, Danielle Casteleiro and The Department of Family Services acted with deliberate indifference to Plaintiff's rights an demanded Plaintiffs, establish residency in Las Vegas Nevada even though Defendants knew Plaintiff's residence was in Oregon.
Defendant's told Plaintiff's residency was a requirement to return custody of Son.
Under Threats, intimidation and the coercion of loosing their Son Plaintiffs established a place to reside in Las Vegas Nevada.

(6) Defendants; Medford Oregon (DHS) Child Division, Meryah Fincher, Danielle Casteleiro and The Department of Family Services acted with deliberate indifference to Plaintiffs by submitting false reports and omissions in reports and investigation to obtain a immediate danger and bypass protocol of Department of Family Services and Child Protective Services investigation procedures.

(7) Defendants; Medford Oregon (DHS) Child Division, Meryah Fincher, Danielle Casteleiro and The Department of Family Services failed to obtain a warrant through proper channels to size Plaintiff's Son and Plaintiffs Rights.

(8) Defendant Medford Oregon (DHS) Child Division acted with deliberate indifference to Plaintiffs rights by providing false information during Information exchange during a co-op investigation between states.
Defendant Medford Oregon (DHS) Child Division omissions in the investigation was bias, prejudice and unethical.
Defendant Medford Oregon (DHS) Child Division knew Plaintiffs were Married and violated no laws nor was Plaintiffs fleeing from DHS in Oregon.
Defendant Medford Oregon (DHS) Child Division knew Plaintiffs was attending "their" baby shower which was being thrown by Plaintiff Shakira Carr Family in Las Vegas by information provided to them by Plaintiffs Shakira Carr Father.

Exhibit V

V.

Plaintiffs Shakira Carr and Clarence Carr claim the following relief;

(1) Plaintiff's seek 20,000 dollars per day son "I ABLE AM" was illegally seized and kidnapped by Defendant's. Plaintiff's are asking in total 120,000 dollars for six days son was missing,
Defendant's was notified by Judge David S. Gibson they had illegally obtained son from Defendant's and failed to following proper procedures.

(2) Punitive damages per Defendant in the amount of 250,000 dollars.
Plaintiffs are asking for punitive damages and malicious injuries to correct and stop the abuse of power. Defendant's acted on State Power and Authority and failed to follow the law and policy set forth by Nevada and Oregon Department of family services, Defendant's blatantly disregarded Plaintiff's legal right's and made a personal judgement in falsifying investigation, document's and finding loop holes in the system to illegally take Plaintiff's son based on their own bias towards Plaintiff's Age, Sex and Nationality.

(3) Plaintiff's seek relief for Irreparable; Civil; Legal; and Direct injuries in the amount of 250,000 dollars.
Plaintiff's had to relocate family to Las Vegas from Oregon on Defendants demand.
Plaintiff Shakira Carr Loss the ability to breast feed son I ABLE AM and Spiritually connect with son.
Plaintiff's was subjected to urine and hair testing against will
Defendant's Illegally sized Plaintiff's son and cut off visiting,

(4) Plaintiff's seek 250,000 dollars in relief for private and personal injuries.
Plaintiff's seek the above amount due to the mental and emotional damage done to family by defendant's.
Defendant's violated all of Plaintiff's constitutional and state rights.
Defendant's failed to follow Department of family Services Policy.